ISAAC CLOUGH *versus* JAMES F. CROSSMAN.

Where a defendant filed, as a specification of his defence, that he "will plead the general issue, and require the plaintiff to make out his case," and the plaintiff demurred thereto, as being insufficient, the demurrer was sustained, and the specification adjudged bad.

EXCEPTIONS from the ruling of HATHAWAY, J.

The writ contains several counts for distinct and different, wilful and malicious trespasses.

The defendant filed as "a specification in brief of the nature and grounds of his defence" as follows:—"The defendant will call upon the plaintiff to make out his case; he will plead the general issue." To which the plaintiff filed a demurrer, alleging that the specification and matter therein contained are insufficient to entitle the defendant to a trial, &c., and prayed judgment.

The Judge, presiding at *Nisi Prius,* adjudged the specifications sufficient and overruled the demurrer; and the plaintiff filed exceptions.

*J. Baker,* in support of the exceptions, argued that the specifications were not sufficient to entitle the plaintiff to a trial, within § 18 of c. 82, of the R. S. A specification is something more than the general issue. *Hart* v. *Hardy,* 42 Maine, 196. Here the specification is less, instead of more than the general issue. There is no denial of any of the allegations in the writ.

Had the plaintiff proceeded to trial on this specification, and "made out his case," what assurance had he that the defendant would not confess and avoid, would not have taken an independent ground of defence that would justify his acts, which the plaintiff would not be prepared to meet. Nothing in the pleadings would preclude him from making such a defence. The plaintiff was entitled to know, *on the record,* just what denials, avoidances and justifications he was to meet at the trial.

The legitimate way to take advantage of the insufficiency of specifications is by demurrer. R. S. c. 82, § 18.

The case was submitted without argument for the defendant.

The opinion of the Court was drawn up by

CUTTING, J.—R. S., c. 82, § 18, among other things, provides that—"in all civil actions, if the defendant appears, he shall, at least fourteen days before the next term after his appearance, file with the clerk a brief specification of the grounds of his defence, and the plaintiff may demur to such specifications, and the demurrer shall be disposed of as in other cases."

And by Rule 9 of this Court—"Parties filing specifications of the nature and grounds of defence shall in all cases be confined, on the trial of the action, to the grounds of the defence therein set forth; and all matters set forth in the writ

and declaration, which are not *specifically* denied, shall be regarded as admitted for the purposes of the trial."

In 1856, in the case of *Ames* v. *Palmer*, 42 Maine, 197, a similar statute received a judicial construction, wherein the Court adjudged that — " more was required, (referring to specifications,) than a mere statement that the plaintiff had no claim. The plea of the general issue, which could be filed at any time before the trial commenced, would indicate this."

And, now long after the promulgation of the statute, the rule and the decision, we are met, in the case at bar, with the following, so called, " specifications," viz. — " The defendant will call upon the plaintiff to make out his case; he will plead the general issue." The ruling of the Judge must have been *pro forma.*

We shall endeavor to administer the law as we find it, and especially a law so *beneficial in practice.*

*Exceptions sustained.*

*Specifications bad.*

TENNEY, C. J., and RICE, APPLETON, and MAY, JJ., concurred.